993 So.2d 172 (2008)
John Willis SHIRLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3471.
District Court of Appeal of Florida, Second District.
October 29, 2008.
*173 James Marion Moorman, Public Defender, and Jeanine L. Cohen, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph Hwan-Yul Lee, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
John Willis Shirley appeals a final order denying his motion and amended motion for postconviction relief and earlier nonfinal orders that denied, in part, his motion and amended motion. We affirm without discussion the postconviction court's denial of relief on each of Shirley's claims, save one. In ground 1 of the motion and amended motion, Shirley argued, among other things, that his trial counsel was ineffective for failing to seek a judgment of acquittal with respect to count 20 of the charges against him. Shirley contended that the State failed to prove that the victim of the crime was less than sixteen years old at the time of the offense. In summarily denying relief, the postconviction court stated that the victim "testified that his date of birth is October 16, 1982, and that the events at issue occurred while he visited the Defendant's home between April 1998 and September 1998." Based on this testimony, the court concluded that the State had established that the victim was under sixteen at the time of the alleged offense and thus counsel could not be deemed ineffective.
Our review of the excerpt of the victim's testimony attached to the postconviction court's order does not fully support the court's factual findings. The attachment reflects that the incidents occurred between April 1998 and September 1998, but it does not establish the victim's date of birth. Accordingly, we reverse the summary denial of ground 1 as to count 20 and remand for further proceedings. The postconviction court may again summarily deny relief on this claim if it attaches record evidence that conclusively refutes the claim. See Fla. R.Crim. P. 3.850(d).
Affirmed in part, reversed in part, and remanded.
CASANUEVA and STRINGER, JJ., Concur.